## MOORE ET AL. v. GROSS ET AL.

1. **Trust**: PROPERTY USED BY CHURCH: EVIDENCE CONSIDERED. Evidence considered and held insufficient to establish a valid and enforceable trust in favor of a church in property the title to which was in an individual.

*Appeal from Black Hawk District Court.*

WEDNESDAY, JUNE 23.

ACTION in equity to restrain the sale of certain real estate under an execution issued on a judgment against N. F. Scallon. The relief asked was granted, and defendants appeal.

*Miller & Preston*, for appellants.

*Boies & Couch*, for appellees.

SEEVERS, J.—As we understand, although it does not clearly so appear, there was in 1871 a Catholic church or

<span style="float:left">1. TRUST: property used by church: evidence considered.</span> society in Waterloo, Iowa, known as St. Joseph's Church, of which the Rev. N. F. Scallon was the priest in charge. In that year the real estate in controversy was conveyed to said Scallon, and thereafter buildings were erected thereon and a school opened, and from that time continued.

On March 8, 1873, Scallon mortgaged the premises to McClure Bros., and in the same year he executed another mortgage thereon to the plaintiff Moore. The McClure mortgage became the property of the First National Bank of Waterloo, and in November, 1874, a judgment of foreclosure was duly entered thereon. To the action Moore was made a party, and his equitable right of redemption cut off.

On the 15th day of February, 1875, the premises were sold under the foreclosure decree, and the bank purchased the same for the amount of the judgment, interest and costs.

On November 13, 1875, Moore made statutory redemption,

and filed the necessary affidavit, and the clerk made the entry required by §§ 3118 and 3119 of the Code.

On November 16, 1875, the defendants Gross & Co. recovered a judgment against said Scallon, and thereunder claim the right to sell said real estate.

There was no redemption from Moore, and on March 28, 1876, the St. Joseph's Benevolent Society was incorporated. It was provided in the articles of incorporation that " all male persons of twenty-one years of age and over who are now or who shall hereafter become members of St. Joseph's Catholic Church of Waterloo, Iowa, shall be deemed members of this association and entitled to all its privileges." " The objects, purposes and business " of the corporation was declared to be " to educate the young, bestow charities, encourage benevolence, cultivate virtue and promote the Catholic religion." The Rev. N. F. Scallon was president of the board of directors. On the same day Moore contracted in writing to convey said premises to the corporation " clear of all incumbrances whatever, by a special quit claim deed " upon the payment of a certain sum of money which is understood to be the amount due on his mortgage, a portion of which only has been paid. The premises have not been conveyed to Moore by the sheriff, although he is the holder by assignment from the bank of the certificate of purchase. On March 28, 1876, the Rev. N. F. Scallon conveyed the premises to the corporation. The appellant claims that while the legal title was vested in Scallon he held the same as trustee for the church, and that the church and corporation are in fact the same, the latter having been organized for the purpose of enabling the church to obtain the title which it otherwise could not hold because it had no legal existence.

On the other hand the appellee claims Scallon was the absolute owner, and as there was no redemption from Moore he became in equity the owner, entitled to a conveyance from the sheriff, and that the corporation is entitled to all the

rights of Moore upon payment being made as provided in the contract between them.

Counsel for the appellants concede the question for determination is whether Scallon held the legal title in trust for the use and benefit of the church, or its members. This is a question of fact, and the burden to establish it is on the defendants, and from the foregoing statement it will be seen there is no written declaration of the trust. For what purposes the mortgages were executed does not appear, and there is no sufficient evidence showing that the church or members thereof were consulted by Scallon in relation to the purchase of the real estate, or the erection of the buildings, or conduct of the school, or that it was supposed or believed by any of the parties that Scallon held the legal title as a trustee for the benefit of the church until it became apparent he would be unable to pay the mortgages. There is absolutely no testimony tending to show any declaration by Scallon that he held the title in trust. How he raised the money to pay for the property does not appear.

It may be the members of the church voluntarily contributed money for the erection of the buildings, but for aught that appears Scallon had full control of the property, and could do with it as he pleased up to the time the mortgage was foreclosed. It then became evident Scallon could not pay the indebtedness, and the church, or certain members thereof, undertook to raise the money required to pay the indebtedness. It was then understood and agreed between Scallon and said parties that in the event of the indebtedness being paid a corporation should be formed to whom the legal title should be conveyed.

The money paid by Moore to redeem was repaid him before the corporation was formed, and before the time for Scallon to redeem had expired. The money was raised by a church fair in part, and the balance contributed by the members. The evidence shows this was done, and the written contract made to prevent the title from vesting in Moore to the end

the property could be devoted to church purposes, as declared in the articles of incorporation. But as there was no redemption from Moore his rights became vested and he could sell to whom he saw proper. If he had taken the legal title himself there can be no doubt he would have held it discharged of any lien of the defendants' judgment. This right he could transmit to his grantee; at least such ordinarily would be the case.

Conceding, however, that the corporation and church is one and the same, still we are unable to say that the evidence sufficiently establishes a trust. We are unable to say the church if competent to sue could have successfully maintained an action to enforce the trust. The fact is, that conceding every dollar of the purchase-money was contributed by the members of the church, still there is no evidence tending to show that they expected any benefit or advantage therefrom except such as Scallon might voluntarily accord. So far as we can see the legal title was in him subject to the control of no one, and so far as the evidence discloses, to be used as he saw fit. We feel constrained to say that the defendants have failed to establish the trust.

AFFIRMED.